**No. 41372.**—Protests 927026–G, etc., of F. W. Woolworth Co. (Philadelphia).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel and on the authority of *Woolworth* v. *United States* (C. D. 74) the opera or field glasses in question were held dutiable at 35 percent under paragraph 228 as claimed.

**No. 41373.**—Protests 944233–G, etc., of E. E. Holler et al. (Nogales):

Opinion by BROWN, J. It was stipulated that the merchandise consists of fish livers similar to those the subject of Abstracts 38801 and 38915. The claim for free entry under paragraph 1669 was therefore sustained.

**No. 41374.**—Protests 646293–G, etc., of Bullocks, Inc., et al. (Los Angeles).

Opinion by FIRST DIVISION. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, MAY 23, 1939

**No. 41375.**—Protest 966766–G of Jewish National Fund of America (New York).

Opinion by KINCHELOE, J. It was established that the books were written by a native of Palestine and translated from the Hebrew language by an American citizen. On the authority of *Appleton* v. *United States* (T. D. 46201) they were held dutiable at 15 percent under paragraph 1410 as claimed.

**No. 41376.**—Protest 972539–G of Keuffel & Esser Co. (New York).

Opinion by KINCHELOE, J. On the authority of *Perseverance Import Corp.* v. *United States* (T. D. 49290) the protest was sustained.

**No. 41377.**—Protest 976242–G of J. Morris & Co., Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise in question consists of brass sockets the same as those the subject of Abstract 37615. The claim as parts of articles having as an essential feature an electrical element or device at 35 percent under paragraph 353 was therefore sustained.